<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4515**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY NIEL HOOD,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:08-cr-00257-FDW-1)

_____

Submitted: March 21, 2012        Decided: April 4, 2012

_____

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Angela G. Parrott, Director, Erin K. Taylor, Ross H. Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Niel Hood pled guilty to carjacking, 18 U.S.C. § 2119 (2006); using a firearm in commission of a carjacking, 18 U.S.C. § 924(c) (2006); and possessing a firearm after having been convicted of a felony, 18 U.S.C. § 922(g)(1) (2006). On appeal, he argues that the district court imposed improper conditions of supervised release. We affirm.

The contested conditions of supervised release include psycho-sexual evaluations, psychological testing, possible sex-offender treatment, and a ban against possessing child pornography and simulated child pornography. Because "[d]istrict courts have broad latitude to impose conditions on supervised release," we review such conditions only for abuse of discretion. United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009). The sentencing court may impose any condition that is reasonably related to the relevant statutory sentencing factors. 18 U.S.C. § 3553(a) (2006); Armel, 585 F.3d at 186.

In light of the broad discretion afforded district courts in the imposition of supervised release conditions and in light of Hood's particular criminal history, we find that the district court did not abuse its discretion in imposing the challenged conditions of supervised release.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                            AFFIRMED